# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PHARMACEUTICAL DEVELOPMENT
GROUP, INC.,

    Plaintiff,

v.                                                 CASE NO:  8:16-CV-2416-T-30AAS

ANI PHARMACEUTICALS, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 13) and Plaintiff's Response in Opposition (Dkt. 17).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

In this action, Plaintiff Pharmaceutical Development Group, Inc. asserts a breach of contract claim and an alternative unjust enrichment claim against Defendant ANI Pharmaceuticals, Inc. related to Defendant's alleged failure to compensate Plaintiff for services Plaintiff performed under the parties' contract.  Specifically, on or about November 20, 2013, the parties entered into a Consulting Retainer Agreement.  Under the Agreement's terms, Plaintiff agreed to initiate and then facilitate Defendant's efforts to secure an FDA

approval for a product Defendant was currently marketing. Plaintiff alleges that it performed a variety of services with Defendant's knowledge and approval, in order to facilitate the approval process, and Defendant failed to compensate Plaintiff for all of these services.

Defendant now moves to dismiss both claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

Defendant's motion to dismiss raises the following arguments: 1) the breach of contract claim is insufficient because Plaintiff failed to specifically identify the Agreement; 2) the alleged facts do not establish that Defendant materially breached the Agreement; and

3) the breach of contract claim precludes the unjust enrichment claim.  The Court discusses each argument in turn.

It is axiomatic that, in order to state a breach of contract claim, a plaintiff must allege a valid contract, a material breach, and damages.  *See Abbott Labs., Inc. v. Gen. Elec. Capital,* 765 So. 2d 737, 740 (Fla. 5th DCA 2000).  A plaintiff is not required to attach the contract to the complaint in order to state a breach of contract claim.  *See Westfield Ins. Co. v. Accessibility Specialists, Inc.*, No. 3:10-CV-1140-J-32TEM, 2011 WL 2911528, at *2 (M.D. Fla. July 19, 2011); *Punta Gorda-Charlotte Harbor Dev., LLC v. Allstate Ins. Co.*, No. 208-CV-719-FTM-29SPC, 2009 WL 3418260, at *2 (M.D. Fla. Oct. 20, 2009) (noting that failure to attach the subject contract to the complaint is not fatal to the claim because "Rule 8 does not require a plaintiff to plead with the greatest specificity it can.").

Defendant's first argument fails because Plaintiff adequately identified the specific contract at issue: the parties entered into a Consulting Retainer Agreement in November 2013.[1]  Plaintiff also alleged facts that adequately described the relevant terms of the Agreement and how Defendant materially breached those terms by failing to compensate Plaintiff for the additional work Plaintiff performed under the Agreement at Defendant's request.  Because these allegations are sufficient to place Defendant on notice of the nature of the breach of contract claim, Plaintiff does not, contrary to Defendant's assertions, have to identify the specific provision of the Agreement that was purportedly breached.  *See De*

---

[1] Notably, Plaintiff also alleged that Defendant has a copy of the Agreement in its possession.

*Sterling v. Bank of Am., N.A.*, No. 09-21490-CIV, 2009 WL 3756335, at *2 (S.D. Fla. Nov. 6, 2009) (denying the defendant's motion to dismiss the plaintiff's breach of contract claim because, although the plaintiff neglected to attach the contract to the complaint and failed to allege the specific provision of the contract that was breached, the plaintiff sufficiently explained the terms the parties agreed to and how they were breached via the defendant's failure to pay the plaintiff consistent with those terms).

Defendant's second argument fails because Plaintiff also alleged a material breach: Plaintiff alleged that Defendant failed to fully compensate Plaintiff for services Plaintiff performed under the Agreement. On this issue, Defendant's motion reads like a summary judgment motion to the extent that Defendant denies the veracity of the alleged facts. In a nutshell, Defendant denies any responsibility to compensate Plaintiff for work that went beyond the scope of the Agreement. Defendant's arguments may ultimately have merit, but they are premature at this stage. Accordingly, the Court will not dismiss the breach of contract claim.

Finally, Defendant argues that Plaintiff cannot maintain an unjust enrichment claim in light of the breach of contract claim. The Court disagrees. Although these claims may not ultimately survive together, Plaintiff may allege these claims in the alternative at this early stage. Accordingly, the Court will not dismiss the unjust enrichment claim.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss (Dkt. 13) is denied.

2.	Defendant shall file its answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 19, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*S:\Even\2016\16-cv-2416.mtd-deny-13.wpd*